**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| In re:<br>Isaac William Kyser<br>Angela Nicole Kyser,<br>         Debtors. | Case No. 17-72703-FJS<br>Chapter 7 |
| Judy A. Robbins,<br>United States Trustee<br>for Region Four,<br>         Plaintiff<br>                    v.<br>Anthony Gill,<br>         Defendant. | APN |

**COMPLAINT SEEKING FINES, DISGORGEMENT AND FORFEITURE OF COMPENSATION, AND INJUNCTIVE RELIEF PURSUANT TO 11 U.S.C. § 110**

Plaintiff, Judy A. Robbins, United States Trustee for Region Four, by counsel, for her Complaint against Anthony Gill (Gill or Defendant), pursuant to 11 U.S.C. § 110, states:

*Jurisdiction, Venue, and Standing*

1.  This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and 11 U.S.C. § 110. This is a core proceeding under 28 U.S.C. § 157.

2.  Venue is proper pursuant to 28 U.S.C. § 1409(a) and 11 U.S.C. § 110(j)(1). The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 110(j)(1) and 307.

3.  This Complaint seeks injunctive relief, imposition of fines, and other remedies pursuant to 11 U.S.C. § 110 and Fed. R. Bankr. P. 7001.

---

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

*The Parties*

4. Plaintiff, Judy A. Robbins, is the United States Trustee for Region Four, duly appointed under 28 U.S.C. § 581(a)(4). The United States Trustee Program is a component of the Department of Justice which oversees the administration of bankruptcy cases and private trustees under 28 U.S.C. §586 and 11 U.S.C. §101, *et seq*. The U.S. Trustee enforces the provisions of 11 U.S.C. § 110 governing bankruptcy petition preparers.

5. Defendant, Anthony Gill is an individual who resides in and, at all times material herein, conducted business in the Eastern District of Virginia.

6. On information and belief, Defendant is not an attorney licensed to practice law in the Commonwealth of Virginia and is not a paralegal under the supervision or control of a licensed attorney.

7. The debtors, Isaac and Angela Kyser, reside in Portsmouth, Virginia.

*Factual Background*

8. Mr. Kyser saw a flyer advertising Gill's bankruptcy and other legal services in the locker room of his place of employment, and because Mr. Kyser and his wife were experiencing grave financial troubles, he took the flyer and contacted Gill.

9. The Kysers provided Gill with various bills and other financial documents, and using them, Gill prepared "documents for filing" for the Kysers within the meaning of 11 U.S.C. § 110.

10. Defendant operated as a bankruptcy petition preparer, and is a "bankruptcy petition preparer," within the meaning of 11 U.S.C. § 110.

11. Gill charged the Kysers $700 for his services, and they paid him $350 in cash initially. A copy of the receipt the debtors received from Gill is filed herewith as *Exhibit A*. They later paid Gill another $100 in cash.

12. Gill gave the Kysers a business card in which he refers to himself as Anthony Gill, Esq. A copy of the business card is filed herewith as *Exhibit B*.

13. Defendant did not sign or place an identifying number or print his name and address on the bankruptcy documents he prepared for the debtors.

14. Defendant did not identify himself as a petition preparer on any document he prepared for the debtors.

15. Upon information and belief, Defendant did not provide the debtors with the notice required by 11 U.S.C. § 110(b)(2)(A); he did not sign the notice under penalty of perjury and did not file it with the bankruptcy documents filed in this case.

16. Defendant did not file a declaration under penalty of perjury together with the petition, disclosing any fee received from or on behalf of the debtors within 12 months immediately prior to the filing of this case, and any unpaid fee charged to the debtors.

17. Upon information and belief, Defendant offered the debtors legal advice, in violation of 11 U.S.C. §110(e)(2) and engaged in the unauthorized practice of law, by offering legal advice regarding bankruptcy procedures and rights, including, but not limited to, determining how claims should be listed on the schedules, determining exemptions on Schedule C, determining how to deal with secured property, determining that a presumption of abuse did not arise, and giving advice about the Application to Waive Filing Fee.

18. Each instance of Defendant giving legal advice to the debtors is a violation of 11 U.S.C. § 110(e)(2)(A).

19. On information and belief, Gill used words similar to "legal" in his advertisements, including the business card he gave the debtors.

20. On information and belief, Gill has prepared bankruptcy documents for other debtors for filing in the United States District Court for the Eastern District of Virginia, Norfolk and Newport News divisions, and failed to disclose his involvement as a petition preparer in those cases.

*Violations of section 110 of the United States Bankruptcy Code*

21. Defendant failed to comply with the following provisions of section 110:

- (b)(1): failing to sign the bankruptcy documents and print on the bankruptcy documents his name and address;

- (b)(2)(B): failing to provide the debtors with the notice required by 11 U.S.C. § 110(b)(2)(A) and failing to sign the notice under penalty of perjury and file it with the documents filed in the instant case;

- (c)(1): failing to place identifying numbers on the bankruptcy documents after the preparer's signature;

- (e)(2): offering legal advice and engaging in the unauthorized practice of law;

- (f): using words similar to "legal" in advertisements;

- (h)(2): failing to file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately preceding the filing of the case; and

- (h) charging an excessive fee.

*Fraudulent, unfair, and deceptive conduct*

22. By providing legal advice to the debtors and holding himself out as an attorney, Defendant engaged in the unauthorized practice of law in violation of Virginia Code. Ann. § 54.1-3904, violated Part 6, § 1(A) of the Rules of the Supreme Court of Virginia, and engaged in fraudulent, unfair, or deceptive conduct.

23. By failing to disclose his participation in preparing bankruptcy documents for Mr. and Mrs. Kyser, Defendant engaged in fraudulent, unfair, or deceptive conduct.

*Prior Order Entered Against Gill*

24. On November 24, 2014, this Court entered an Order Granting Motion Seeking Fines, Disgorgement of Fees and Awarding Statutory Damages ("Prior Order") against Gill, in Case No. 14-50882-SCS, and found the following:

      that Gill violated 11 U.S.C. § 110(b), (c),(d),(e), and (h) at least 10 times in this case; that Gill should be fined $500 for each violation of § 110(b),(c),(d),(e) and (h); and that, as required by § 110(l)(2)(D), Gill should be fined $5000, tripled to $15,000 because he did not disclose his identity as bankruptcy petition preparer. The Court further finds that Gill engaged in fraudulent, unfair, or deceptive conduct by engaging in the unauthorized practice of law and by failing to identify himself as a bankruptcy petition preparer in the documents he prepared for filing.

Prior Order, Docket # 28, filed herewith as *Exhibit C*. Accordingly, the Court imposed fines payable to the U.S. Trustee against Gill for his violations of 11 U.S.C. § 110, in the amount of $15,000 and further ordered that Gill immediately turnover to the debtor, Alex Edward Betts, fees in the amount of $700.00. The Court also awarded statutory damages in favor of the debtor and against Gill in the amount of $2,000, pursuant to 11 U.S.C. § 110(i)(1). *Id.*

    25.    In Case No. 14-50882-SCS, Gill filed a Response, stating, *inter alia*:

> On Friday, September 19, 2014, I visited with Mr. Betts at the VA hospital and at this time I returned $400.00 dollars to him.
>
> I truly apologize for any wrongs I did in helping Mr. Betts and I pray with all sincerity that this Court and all concerns forgive me.
>
> Thank you,
>
> *[signature]* Anthony Gill

Response of Anthony Gill, filed in Case 14-50882-SCS, Doc 20.

    26.    Shortly after Gill's filing, however, the debtor, Mr. Betts, filed a Response stating that Gill had not refunded any monies:



Response of debtor, Alex E. Betts, filed in Case No. 14-50882-SCS, Doc 23, 9/30/14.

27. Gill has not complied with the Prior Order against him entered in Case No. 14-50882-SCS, and is in contempt.

28. Gill has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) of section 110 of the Bankruptcy Code; an injunction prohibiting such conduct would not be sufficient to prevent Gill's interference with the proper

administration of title 11; Gill has not paid a penalty imposed under this section, and Gill has failed to disgorge all fees ordered by the Court.

### *Assessment of Fines*

29.     Pursuant to section 110(l)(2), Defendant should be fined $500 for each failure to comply with subsections (b), (c), (e), (f), and (h), and he failed to comply with the provisions of section 110 at least twelve times. The Court should impose a total fine of $6,000.00.

### *Tripling of Fines*

30.     Pursuant to section 110(l)(2)(D), the fines assessed against Defendant shall be tripled because he prepared the debtor's bankruptcy documents in a manner that failed to disclose his identity as bankruptcy petition preparer.  The Court shall triple the fines to $18,000.

### *Fees to be forfeited or disgorged*

31.     Pursuant to section 110(h)(3)(B), Defendant should forfeit all fees charged in this case, because he failed to comply with sections (b), (c), and (e).

32.     In the alternative, $700 exceeds the reasonable value a petition preparer may charge for his services, and Gill should be ordered to disgorge all fees in excess of the amount this Court determines to be reasonable[1].

### *Injunction barring from Anthony Gill from Acting as a Petition Preparer (11 U.S.C. § 110(j))*

33.     On information and belief, Defendant prepared bankruptcy documents for other debtors, for compensation, for filing in the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk and Newport News divisions, and did not disclose his participation as a petition preparer in any of the cases, among other violations of 11 U.S.C. § 110.

---

[1] This Court has previously permitted a bankruptcy petition preparer to charge $140 for lawful services. *See In re: Latoya A. Cowell*, Case No. 16-73949-FJS  (Consent Order Regarding petition preparer, Eunice Murray entered February 9, 2017 ); *In re Atiya Harpe*, Case No. 10-71147-SCS (Consent Order entered October 13, 2010 regarding Bankruptcy Petition Preparer Adrienne Enjoli Via).

34. By engaging in the unauthorized practice of law, and in the other activities set forth herein, Defendant engaged in fraudulent, unfair, or deceptive conduct in violation of 11 U.S.C. § 110(j)(1) and (2).

35. Defendant has continually engaged in conduct violating 11 U.S.C. §§ 110(j)(2)(A)(i)(I) and (III); Gill has not paid a penalty imposed under this section, and Gill has failed to disgorge all fees ordered by the Court.

36. There is no adequate remedy at law to prevent Defendant from violating section 110 in future cases. An injunction prohibiting Defendant from engaging in conduct in violation of section 110 would not be sufficient to prevent his interference with the proper administration of title 11. *See* 11 U.S.C. § 110(j)(2)(B).

37. The United States Trustee requests that this Court permanently enjoin Defendant from acting as a bankruptcy petition preparer as authorized by 11 U.S.C. § 110(j)(2)(B).

WHEREFORE, U.S. Trustee respectfully requests that this Court:

A. fine Defendant $500 for each failure to comply in the instant case with 11 U.S.C. §§ 110(b)(1); 11 U.S.C. § 110(b)(2)(B); 11 U.S.C. § 110(c)(1); 11 U.S.C. § 110(e); 11 U.S.C. § 110(f), 11 U.S.C. § 110(h); 11 U.S.C. § 110(h)(2); and 11 U.S.C. § 110(e)(2)(A), payable to the United States Trustee for deposit pursuant to 11 U.S.C. §110(l)(4)(A), for a total fine of $ 6,000 and triple the fine to $18,000 as required by 11 U.S.C. §110(l)(2)(D);

B. order the immediate forfeiture and turnover by Defendant of all fees collected from the debtors, pursuant to 11 U.S.C. § 110(h)(3)(B), or, in the alternative, order the immediate disallowance and turnover of all fees collected by Defendant to the extent the fees exceed the value of any services rendered during the 12-month period immediately preceding the date of the filing of the petition;

C. award statutory damages in favor of the Debtors, Isaac William Kyser and Angela Nicole Kyser, in the amount of $2,000, pursuant to 11 U.S.C. § 110(i)(1);

D. find Defendant in civil contempt for his violation of the Prior Order, pursuant to 11 U.S.C. § 110(j)(3);

E. permanently enjoin Defendant from acting as a bankruptcy petition preparer;

F. award costs and reasonable attorney's fees, as allowed by this Court; and

G. grant the U.S. Trustee such additional relief to which she may be entitled.

Dated: September 8, 2017

Respectfully submitted,

Judy A. Robbins

UNITED STATES TRUSTEE
REGION FOUR

By: /s/ Cecelia A. Weschler

    Kenneth N. Whitehurst, III
    Assistant U.S. Trustee

    Cecelia A. Weschler
    Trial Attorney